22 C. C. P. A. (Patents)

## In re EWERT.

### Patent Appeal No. 3515.

Court of Customs and Patent Appeals.
June 3, 1935.

Chindahl, Parker & Carlson, of Chicago, Ill. (C. Paul Parker and Alwin F. Pitzner, both of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by the appellant asking for a patent upon a product described as "a certain new and useful spline coupling." Claims 4, 13, 14, and 15 were rejected by both tribunals in the Office, and are brought here on appeal. Claim 13 is thought to be representative, and is as follows: "13. A spline coupling comprising a cylindrical shaft section having on one end a plurality of integral parallel longitudinal generated keys defined by interdental spaces, said keys being uniformly peripherally spaced, the sides of each key being parallel, the outer peripheral faces of said keys being cylindrical segments of uniform radius and concentric to the axis of said section throughout their length, the roots of said spaces tapering in depth longitudinally toward the end of said section

and converging in width along said taper, said roots being generated and concentric to said axis substantially throughout their length, said roots having generated clearance grooves along their longitudinal margins, said grooves extending the full length of said keys, an outside member having a conical bore and a plurality of longitudinal keyways formed in said bore, said keyways defining longitudinal projections tapering in depth from end to end, said keyways and projections corresponding in number, spacing and form with and adapted to interfit with said keys and spaces, the roots of said keyways being cylindrical segments of uniform radius and concentric to said axis throughout their length, the radius of said last mentioned roots being greater than that of said keys to provide clearance there between, and means for securing said outside member on said section in wedging engagement only with the roots of said spaces."

The references relied upon are: Thaler, 906,337, December 8, 1908; Redmon et al., 1,367,500, February 1, 1921.

The subject-matter of the application is sufficiently described in the quoted claim, for the purposes of this decision.

Two points are principally relied upon by the appellant for a reversal of the decision of the Board of Appeals: First, that the product which appellant seeks to patent is finished as to the interdental spaces between the longitudinal spline keys by molding generated contact surfaces. The method of producing these generated surfaces is said to add patentability to the product. Second, the molding generated surfaces are provided with clearance grooves for the purpose of spacing the inside corners, and which are rounded as an inherent result of their generated character. This, also, is claimed to add patentability. While there are other arguments made, these are the two which are mainly relied upon, and these present the only features which, in our opinion, might be claimed to impart patentability to the product.

The reference patent to Thaler discloses a propeller wheel and shaft; the hub of the propeller wheel being provided with longitudinally extending keyways, gradually increasing in depth from end to end of the bore. The bore of the hub is divided into four ribs, while the end of the propeller shaft is tapered and provided with

keys which fit the keyways in the hub of the propeller. The specification provides that when placed together "a snug fit is produced."

The patent to Redmon et al. discloses a shaft fastening consisting of a similar arrangement to that just described in the discussion of the Thaler patent. There is, however, provided in the Redmon patent clearance grooves in connection with the interdental spaces on the shaft. These grooves do not extend entirely to the bases of the keys. It does appear, however, that these clearance grooves extend sufficiently to pass the point of engagement between the shaft and pinion which is placed thereon so that the object which is to be attained by said clearance grooves is completely disclosed by the Redmon patent.

It is stated by the Board of Appeals that the appellant has obtained a patent upon a method of producing these couplings by hob generation, No. 1,905,277, granted April 25, 1933, and it is thought by the Board of Appeals that the appellant has thus obtained a patent for the only apparently patentable subject-matter disclosed by him. On the other hand, it is argued by the appellant that the molded generated spaces, upon which he relies here, constitute, in themselves, patentable subject-matter because this feature makes it possible to, as is said by the Board of Appeals, "insure uniform spacing of the keys, that the roots between the keys will be truly conical segments and that it is inexpensive to produce and hence commercially patentable."

To sustain their argument, counsel for appellant cite well-known authorities to the effect that where the only way an article can be defined in a claim is by the process of producing it, this may be done. In re Grupe, 48 F.(2d) 936, 18 C. C. P. A. (Patents) 1262; In re Butler, 37 F.(2d) 623, 17 C. C. P. A. (Patents) 810.

There is no doubt that this is the law. However, we observe nothing in the disclosure here to the effect that the article which is produced by the appellant is new or novel, or cannot be produced by some other process as, for instance, by hand. The forming of keys and interdental spaces including clearance grooves, is fully shown by the prior art. To fabricate them so that when completed they will be of a certain form and size, is a matter of mechanical skill. There must be invention to sustain a claim of patentability. Reckendorfer v. Faber, 92 U. S. 347, 356, 23 L. Ed. 719.

The best that can be claimed for such generated surfaces is that they are constructed more rapidly and more economically. This, in itself, does not impart patentability.

Appellant's claim for invention may be likened to the sharpening of a knife. A mechanic sharpens the knife, slowly and laboriously, with a whetstone. He then invents a wheel by which he sharpens the knife more quickly and equally as well. In either case, however, he produces a sharpened knife, and, as a result of the invention of the wheel, he may not be entitled to claim, as a new product, a sharpened knife, for this was old to the art. His claim may extend only to the process for making it.

A case directly in point is In re Harvey, 71 F.(2d) 200, 21 C. C. P. A. (Patents) 1155.

We are of opinion that the Board of Appeals was not in error in its rejection, and its decision is affirmed.

Affirmed.